1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9    KARESSA BATTENFELD; A.D., a minor by
     and through her guardian ad litem KARESSA
10   BATTENFELD; BRENDA DONAHUE; and
     A.Q., a minor by and through her guardian ad      Case No. 3:15-cv-0557-LRH-WGC
11   litem BRENDA DONAHUE,

12                                                      ORDER
                          Plaintiffs,
13
          v.
14

15   WASHOE   COUNTY   SCHOOL   DISTRICT,
     DEBBIE STEBBINS, and MATHEW BURAK,
16
                          Defendants.
17

18          Before the court is plaintiffs Karessa Battenfeld ("Battenfeld") and A.D.'s, a minor,

19   motion for order confirming settlement. ECF No. 30. Defendants the Washoe County School

20   District ("WCSD"), Debbie Stebbins ("Stebbins"), and Mathew Burak ("Burak") (collectively

21   "defendants") filed a non-opposition to the motion. ECF No. 32.

22   **I.      Facts and Procedural Background**

23          Plaintiff A.D. is a former student of defendant Stebbins at Marvin Picollo Elementary

24   School within WCSD. A.D. is a special needs student and was assigned to Stebbins' special

25   needs classroom for the 2013-2014 school year. During that school year A.D. was allegedly

26   abused by Stebbins on several occasions.

27          On November 18, 2015, plaintiffs filed the underlying complaint against defendants

28   alleging seven causes of action: (1) excessive force in violation of 42 U.S.C. § 1983;

1    (2) discrimination in violation of the Americans with Disabilities Act ("ADA"); (3) violation of

2    § 504 of the Rehabilitation Act of 1973; (4) battery; (5) intentional infliction of emotional

3    distress; (6) negligence; and (7) negligent supervision. ECF No. 1. After the action was filed, the

4    parties agreed to settle plaintiffs' claims for $800,000.00. Thereafter, plaintiffs filed the present

5    motion to confirm settlement. ECF No. 30.

6    **II.    Discussion**

7         "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c),

8    to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177,

9    1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a

10   guardian ad litem — or issue another appropriate order — to protect a minor or incompetent

11   person who is unrepresented in an action.'" *Id*. (quoting FED. R. CIV. P. 17(c)). "In the context of

12   proposed settlements in suits involving minor plaintiffs, this special duty requires a district court

13   to 'conduct its own inquiry to determine whether the settlement serves the best interests of the

14   minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

15        As the Ninth Circuit has recently made clear, in cases involving the settlement of a

16   minor's claims, district courts should "limit the scope of their review to the question whether the

17   net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of

18   the facts of the case, the minor's specific claim, and recovery in similar cases," and should

19   "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of

20   the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose

21   interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573

22   F.2d at 1078).

23        Here, A.D., through her guardian ad litem, has agreed to settle her claims against

24   defendants. According to the express terms of the settlement, defendants shall pay plaintiffs

25   $800,000.00 in exchange for a release of all claims. Plaintiffs' counsel are set to receive 1/3 of

26   the total settlement as a contingent fee, calculated before the deduction of expenses, for a total

27   fees award of $213,333.33. After the deduction of fees and costs, the parties have agreed to

28   allocate $417,852.63 from the remaining net proceeds to A.D., through the creation of a special

needs trust. This amount constitutes 80% of the total net settlement, with the remaining 20% of net proceeds going to Battenfeld for her own personal claims against defendants. A copy of the proposed special needs trust is attached as an exhibit to the motion. ECF No. 30, Exhibit A. The trust has been specifically drafted by Attorney John C. Smith, an estate planning attorney who specializes in developing estate plans that involve persons with disabilities. *Id.*

Upon consideration of the facts of the case, A.D.'s specific claims, the terms of the settlement, and recoveries in similar cases, the court finds the settlement to be in the best interest of all of the parties, and specifically A.D., and that the amount of money A.D. will receive ($417,852.63) for her claims is fair and reasonable. Accordingly, the court shall grant plaintiffs' motion as follows:

(1) The underlying settlement between plaintiffs and defendants in the amount of $800,000.00 is APPROVED;

(2) The creation and funding of the special needs trust attached as Exhibit A to plaintiffs' motion is APPROVED;

(3) Plaintiff Battenfeld, as guardian ad litem, shall execute the special needs trust for A.D. pursuant to the terms of that trust;

(4) On-going oversight of the special needs trust established herein shall lie with the Second Judicial District Court for the State of Nevada;

(5) $417,852.63 in net proceeds for the settlement shall be allocated to and held within the special needs trust established for plaintiff A.D.;

(6) Any trustee bond for the special needs trust shall be waived until such time as trust funds are released and made accessible to the Trustee; and

(7) Attorneys' fees in the amount of $1,500.00 shall be paid from the special needs trust to Attorney John C. Smith of the John Smith Law Firm for preparation of the special needs trust.

///

///

///

1        IT IS THEREFORE ORDERED that plaintiffs' motion to confirm settlement

2   (ECF No. 30) is GRANTED in accordance with this order.

3        IT IS SO ORDERED.

4        DATED this 4th day of October, 2016.

5

6                                                LARRY R. HICKS
                                                 UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28